UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ZEPHANIAH BULLOCK,<br><br>　　　　　　Petitioner,<br>　v.<br>RENE BAKER, et. al.,<br><br>　　　　　　Respondents. | Case No. 3:14-cv-00139-MMD-VPC<br><br>ORDER |

This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court are petitioner's renewed motion for the appointment of counsel, respondents' motion to file an exhibit under seal, and respondents' motion to dismiss the petition. (Dkt. nos. 18, 14, 10).

**I.　PROCEDURAL HISTORY**

In the Eighth District Court for the State of Nevada, petitioner was convicted, pursuant to a guilty plea, of two counts of attempted robbery with the use of a deadly weapon. (Exhs. 10 & 11.)[1] Pursuant to his guilty plea, the state district court sentenced petitioner as follows: On Count I, attempted robbery, 36 months to 120 months, plus a consecutive term of 18 to 120 months for the use of a deadly weapon. On Count II, attempted robbery, 36 to 120 months, plus a consecutive term of 18 to 120 months for the use of a deadly weapon. Count II runs concurrent with Count I. Petitioner was

---

[1] The exhibits referenced in this order are found in the Court's record at dkt. nos. 11-13.

credited with 129 days for time served. (Exh. 14.) The judgment of conviction was filed on February 24, 2011. (Exh. 14.) Petitioner did not pursue a direct appeal.

On March 5, 2013, petitioner filed a *pro se* post-conviction habeas petition in the state district court. (Exh. 18.) The state district court ruled that the petition was procedurally barred as untimely and that petitioner had not shown good cause to excuse the delay in filing his petition. (Exh. 27 at 4-5.) The state district court granted petitioner an evidentiary hearing on petitioner's claim that he was deprived of an opportunity to file a direct appeal. (*Id.* at 5.) On July 11, 2013, the state district court issued a written order denying the remainder of the petition as untimely. (Exh. 30.)

On June 20, 2013, the state district court held a *Lozada*[2] evidentiary hearing on petitioner's claim that he told his public defender that he wanted to appeal after sentencing. (Exh. 29.) The evidentiary hearing was continued to July 25, 2013, so that petitioner could call additional witnesses. (Exh. 32.) Following testimony by petitioner and his public defenders, the state district court ruled that petitioner had not communicated to his counsel that he wanted to file a direct appeal. (Exh. 32 at 17-18.) On September 25, 2013, the state district court entered a written order finding that petitioner was not deprived of his right to file a direct appeal. (Exh. 46.)

Petitioner appealed the denial of his post-conviction petition and the denial of his *Lozada* claim. On January 21, 2014, the Nevada Supreme Court affirmed the district court's rulings. (Exh. 60.) Specifically, the Nevada Supreme Court ruled that because petitioner filed his post-conviction habeas petition more than two years after the entry of the judgment of conviction, the petition was untimely pursuant to NRS § 34.726(1). (*Id.* at 1.) The Nevada Supreme Court further ruled that petitioner had not shown good cause to excuse the delay in filing his petition. (*Id.*) Additionally, it ruled that the record supported the state district court's denial of petitioner's *Lozada* appeal-deprivation claim. (*Id.* at 2.) Remittitur issued on February 18, 2014. (Exh. 63.)

---

[2]*Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (1994).

Petitioner dispatched his federal petition to this Court on March 12, 2014. (Dkt. no. 4.) On December 23, 2014, respondents filed a motion to dismiss the petition. (Dkt. no. 10.) Concurrently, respondents filed a motion to file an exhibit under seal. (Dkt. no. 14.) Petitioner did not oppose respondents' motions, but he has filed a renewed motion for the appointment of counsel. (Dkt. no. 18.)

## II.   RESPONDENTS' MOTION TO SEAL EXHIBIT

Concurrent with the filing of their motion to dismiss, respondents filed exhibits consisting of the state court record. (Dkt. nos. 11, 12, 13, 15.) Respondents seek permission to file under seal Exhibit 12, petitioner's presentence report, which contains confidential information. (Dkt. no. 14.) The presentence report was submitted under seal for *in camera* review. (Dkt. no. 15.)

There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). The court has inherent power over its own records and files, and access may be denied where the court determines that the documents may be used for improper purposes." *Nixon v. Warner Comm., Inc.*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

The Ninth Circuit distinguishes between dispositive and nondispositive pleadings and motions in terms of the showing required to seal a document. For a document filed with a dispositive motion, "compelling reasons" must be shown to justify sealing the document. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89. In contrast, for documents filed with non-dispositive motions, a "good cause" showing will suffice to keep the records sealed. *Id.* This is based on the reasoning that the public has less need for access to records that are merely tangentially related to the underlying cause of action. *Id.* at 1179. A showing of good cause generally requires a specific description

of the particular document(s) sought to be sealed and a showing that disclosure of such documents would work a "clearly defined and serious injury." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 776 (3rd Cir. 1994). Where good cause is shown for a protective order, the court must balance the potential harm to the moving party's interests against the public's right to access the court files. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89.

The petitioner's presentence report was submitted in support of respondents' motion to dismiss the petition, which is a dispositive motion. The presentence report (Exh. 12) contains confidential information concerning petitioner, as defined under NRS § 176.156. On balance, the potential harm to the parties' interests outweighs the public's right to access petitioner's presentence report. Respondents have made an adequate showing of compelling reasons to keep petitioner's presentence report sealed. Accordingly, the Court grants respondents' motion to seal the presentence report.

### III. PETITIONER'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL

On March 30, 2015, petitioner filed a renewed motion for the appointment of counsel. (Dkt. no. 18.) Previously, petitioner filed a motion for the appointment of counsel, which this Court denied by order filed July 24, 2014. (Dkt. no. 3 at 1-2.) Petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). As stated in this Court's order of July 24, 2014, the petition on file is sufficiently clear in presenting the issues that petitioner wishes to bring and the issues in this case are not complex. Petitioner's renewed motion for the appointment of counsel contains nothing that causes this Court to alter its decision to deny the appointment of counsel. Petitioner's renewed motion for the appointment of counsel is denied.

///

**IV.     RESPONDENTS' MOTION TO DISMISS**

Respondents move to dismiss the petition because it is untimely. (Dkt. no. 10.) The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways — either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Once the judgment of conviction becomes final, the petitioner has 365 days to file a federal habeas petition, with tolling of the time for filing during the pendency of a properly filed

application for state post-conviction or other collateral review with respect to the pertinent judgment. 28 U.S.C. § 2244(d)(1), (2). A habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005).

A criminal defendant in Nevada has thirty (30) days from the entry of judgment to file his notice of appeal. Nev. R. App. P. 4(b). If the defendant does not seek direct review from the highest state court, the conviction becomes final when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Wixom v. Washington*, 264 F.3d at 898. Once the judgment of conviction is final, the defendant has one year to file a federal habeas petition. 28 U.S.C. § 2244(d).

In the present case, petitioner's judgment of conviction was filed on February 24, 2011. (Exh. 14.) Petitioner did not pursue a direct appeal of his judgment of conviction. Where a petitioner does not appeal from his judgment of conviction, the one-year AEDPA limitations period begins to run on the date on which the time to seek appeal expires. 28 U.S.C. § 2244(d)(1)(a); NRAP 4. Thus, petitioner's conviction became final on March 26, 2011, which was the deadline for filing a direct appeal from the judgment of conviction. The one-year AEDPA statute of limitations began to run on March 26, 2011, and expired on March 25, 2012. The first page of the federal habeas petition indicates that the petition was dispatched (given to prison staff for mailing) to this Court on March 12, 2014. (Dkt. no. 4 at 1, item 5.) This Court deems petitioner's federal petition to be filed on March 12, 2014. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing). As such, the federal petition was filed almost two years after the AEDPA statute of limitations had expired.

The Court notes that petitioner's state post-conviction habeas petition was not a "properly filed" application for post-conviction relief or other collateral review of the

6

judgment, and therefore, the petition did not toll the statute of limitations. Specifically, petitioner's state post-conviction habeas petition, which was untimely filed on March 5, 2013, did not statutorily toll the AEDPA statute of limitations. (Exh. 18.) The state district court denied the petition as untimely, as it was filed over two years after the judgment of conviction was entered. (Exh. 30.) In the order of affirmance, the Nevada Supreme Court held that petitioner's post-conviction habeas petition was untimely pursuant to NRS § 34.726 and that petitioner failed to demonstrate good cause for the delay in filing his petition. (Exh. 60.) Because it was untimely under state law, the state post-conviction habeas petition was not a "properly filed application" that would toll the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo,* 544 U.S. at 412-16. The federal habeas petition was filed nearly two years after the AEDPA statute of limitations had expired. Petitioner has not presented this Court with equitable tolling or other cause to excuse the untimely filing of the federal petition. As such, this action is dismissed as untimely.

## V.     CERTIFICATE OF APPEALABILITY

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed

further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

## VI. CONCLUSION

It is therefore ordered that respondents' motion to seal (dkt. no. 14) the presence report is granted. The Clerk of Court shall keep the presence report (dkt. no. 15) filed under seal.

It is further ordered that petitioner's renewed motion for the appointment of counsel (dkt. no. 18) is denied.

It is further ordered that respondents' motion to dismiss (dkt. no. 10) is granted.

It is further ordered that the petition is dismissed with prejudice as untimely.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 3rd day of September 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE